**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNY HALFACRE PLAINTIFF
ADC #84410

V. NO: 5:15CV00302 JLH/PSH

WENDY KELLEY *et al* DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kenny Halfacre, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on September 24, 2015, alleging his constitutional rights have been violated at the ADC's Varner Unit. On October 6, 2015, the Court entered an order noting plaintiff's complaint contained multiple claims and was defective, and directing him to file an amended complaint which identified only those claims arising out of the same transaction, occurrence, or series of transactions (docket entry 3). That same order directed plaintiff to provide a short statement of the specific role each defendant had in the alleged constitutional violations, and to describe the injuries he sustained.

Plaintiff filed an amended complaint on October 15, 2015 (docket entry 4).

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff has raised four issues in his amended complaint: that security is inadequate at the Varner Unit, the food at Varner has no nutritional value, that the grievance system is not adequate or meaningful, and that the Varner Unit's accreditation should not be a defense against his claims. Because plaintiff has failed to articulate an actionable claim, his complaint should be dismissed.

Although plaintiff complains that security is inadequate, his claims are vague and appear to relate largely to problems allegedly experienced by other inmates. Plaintiff does vaguely assert he has been involved in three separate "physical altercations" since 2009, but concedes none were observed by staff. Plaintiff did not describe any injuries he sustained, or even provide a specific date of any incident.

Similarly, plaintiff asserts the food is "unfit for human consumption," and "has no nutritional value," but he makes no claim of any sickness, weight loss, or other detrimental effects of the food served at Varner. A claim to relief could conceivably be envisioned in the context the security situation or food issues plaintiff described. However, plaintiff's complaint does not contain factual allegations sufficient to raise a right to relief above the speculative level. *See Twombly* at 555, 570. Additionally, plaintiff's claims regarding security and nutrition appear to be based on an impermissible *respondeat superior* theory. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations).

As to plaintiff's complaints about the grievance system, plaintiff has no constitutional right to a grievance process, *see Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Finally, plaintiff concedes that accreditation of a prison is not a constitutional issue. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state

a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 12th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE