## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KENNY HALFACRE, ADC #84410                                                          PLAINTIFF

v.                                          No. 5:15CV00302 JLH PSH

WENDY KELLY, *et al*.                                                               DEFENDANTS

## OPINION AND ORDER

Kenny Halfacre, an inmate incarcerated at the Varner Unit in Grady, Arkansas, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Halfacre's amended complaint includes three claims: (1) the security at the Varner Unit is inadequate in violation of the Eighth Amendment; (2) the food served at the Varner Unit is unfit to eat in violation of the Eighth Amendment; and (3) the grievance system is inadequate in violation of the Fourteenth Amendment. Document #4. Halfacre also contends that the Varner Unit's accreditation should not be a defense to his claims, but he concedes that this is not a constitutional issue. Document #6. Magistrate Judge Patricia Harris has recommended that Halfacre's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted. Document #5. Halfacre filed objections to this recommended disposition. Document #6. The Court has reviewed the recommended disposition and the objections. For the following reasons, Halfacre's amended complaint is dismissed without prejudice.

## I.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).  A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

## II.

Halfacre brings two claims alleging Eighth Amendment violations.  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993).  The Amendment imposes duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and 'must take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)).

First, Halfacre claims that the defendants violated the Eighth Amendment by their deliberate indifference to his safety.  Prison officials have a duty to protect prisoners from violence at the hands

of other prisoners. *Farmer*, 511 U.S. at 833, 114 S. Ct. at 1976. But not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834, 114 S. Ct. at 1977. First, Halfacre must show an objectively serious deprivation, i.e., that he was incarcerated under conditions posing a substantial risk of serious harm. *Id*. Second, he also must show that the defendants were deliberately indifferent to the substantial risk of serious harm, i.e., that the defendants were "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and that they also drew the inference." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010).

Halfacre has failed to allege facts that would show that the alleged inadequate security at the Varner Unit rises to the level of an objectively serious deprivation. Halfacre is housed in a barrack at the Varner Unit where two staff members watch over eight separate barracks housing 400 inmates. He alleges that prison officials fraternize with prisoners, distracting them from watching over the inmates. He also alleges that he has been involved in at least three separate physical altercations that were unprovoked and unobserved by staff. According to Halfacre, assaults are so numerous that he and other older inmates sleep in shifts, so that someone will always be awake to protect those who are asleep. While such conditions of confinement are certainly undesirable and uncomfortable, Halfacre has failed to show that he suffered "extreme deprivations," meaning that he was denied the "minimal civilized measure of life's necessities." *Schoelch*, 625 F.3d at 1046-47. *See also Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981) ("[T]he Constitution does not mandate comfortable prisons."). Furthermore, Halfacre has failed to allege that he suffered any sort of physical or mental injury from the inadequate security. *See Schoelch*, 625 F.3d at 1046. He merely contends vaguely that he has been involved in three separate physical altercations. Even

3

if the Court were to find an objectively serious deprivation, Halfacre has failed to allege any facts from which one can infer that prison officials acted with deliberate indifference. Therefore, construing Halfacre's allegations liberally, his claim for an Eighth Amendment violation based on inadequate security fails as a matter of law.

Second, Halfacre claims that the defendants violated the Eighth Amendment by providing food to inmates that was "for the most part" unfit to eat. Prisoners have a right to nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Stating a claim for a violation of the Eighth Amendment based on an issue with food requires the same two-step showing as stating a claim based on inadequate security. *See Wishon*, 978 F.2d at 449.

Assuming that the alleged increased risk of food poisoning caused by the practice of leaving prepared food out constitutes an objectively serious deprivation, Halfacre has failed to show that the defendants were deliberately indifferent to the risk of future harm. "If prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures, the requisite indifference might well be manifested or inferred." *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988). But here, Halfacre has not alleged even a single instance of food poisoning or malnutrition. Furthermore, Halfacre alleges that inmates working in the cafeteria were responsible for leaving prepared food setting out on trays. "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). There is no allegation that the food supervisors directly participated in any constitutional violation or failed to train or supervise the inmates who caused the alleged

deprivation.  *See id*.  Halfacre's other allegations regarding the food, that bread is old and cold and that turkey sausage is the size of a half-dollar, do not constitute objectively serious deprivations. Therefore, construing Halfacre's allegations liberally, his claim for an Eighth Amendment violation based on unfit food fails as a matter of law.

### III.

Halfacre alleges the grievance system at the Varner Unit is a "total farce and mockery," constituting a due process violation.  But "'[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon inmates.  Hence it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)).  Therefore, Halfacre's claims that the prison officials deny grievances when witnesses are not listed, but refuse to interview witnesses when they are listed and that there is a lack of confidentiality are not actionable under § 1983.

### CONCLUSION

For the reasons set forth above, the recommended disposition is adopted as modified herein. Document #5.  Halfacre's amended complaint is dismissed without prejudice.  Document #4.

IT IS SO ORDERED this 11th day of February, 2016.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

5